UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 17-CV-04847 PSG - AFM | Date | September 8, 2017 |
|---|---|---|---|
| Title | Kokoris v. University of Southern California, et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order DENYING Motion to Remand

Before the Court is Defendant and Cross-Complainant's ("USC's") motion to remand the action to the Superior Court of the State of California for the County of Los Angeles. *See* Dkt. # 15. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The Court notes that pursuant to L.R. 7-10, USC's Reply was due 14 days before the hearing date of September 18, 2017. Filed on September 7, the Reply was untimely and will not be considered. After considering the arguments in the moving and opposing papers, the Court DENIES USC's motion.

I.   Background

On June 11, 2015, Plaintiff Sophia Kokoris filed an action in the Los Angeles County Superior Court against Defendant University of Southern California ("USC") for personal injuries. *Mot.* 3. Plaintiff alleged she was injured when a parking gate arm crashed down on her. Plaintiff alleged that the parking gate arm is owned, operated, managed, and controlled" by USC, and that USC "negligently, carelessly, recklessly and unlawfully entrusted, managed, controlled, maintained, and operated said exit gate." *Mot*. 3:8-13.

USC answered the Complaint and cross-complained against Cross-Defendants Magnetic Automation Company ("MAC") and HUB Parking Technology USA ("HUB") as those responsible for the manufacture, installation, maintenance, repair, and operation of the gate equipment, seeking indemnity. *Mot*. 3:14-16.

MAC was served with the Complaint and Cross-Complaint and filed its answer in state court on July 26, 2016. HUB filed its answer in state court on June 29, 2017. HUB filed the removal of the Cross-Complaint on June 29, 2017. Dkt. # 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-04847 PSG - AFM | Date | September 8, 2017 |
|---|---|---|---|
| Title | Kokoris v. University of Southern California, et al | | |

On July 25, 2017, USC filed a motion to remand the action to state court. *See* Dkt. # 15. USC advances three arguments in support of its motion to remand: first, that removal is procedurally defective, *Mot.* 4: 8-21; second, the Court lacks subject matter jurisdiction, *id*. 4:22-5:5; and third, the Court abstain from permitting removal because the suit is derivative of Plaintiff's state court personal injury Complaint, *id.* 5:6-6:3.

II.  Legal Standard

Federal courts are courts of limited jurisdiction. *See Gunn v. Minton*, —U.S. —, 133 S. Ct. 1059, 1064 (2013). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). Accordingly, "absent complete diversity a case is not removable because the district court would lack original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 564 (2005). If at any time before final judgment it appears a removing court lacks subject matter jurisdiction, the case shall be remanded to state court. *See* 28 U.S.C. § 1447(c). There is a strong presumption against removal jurisdiction, so the party seeking removal always has the burden of establishing that removal is proper. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Gaus*, 980 F.2d at 567.

III.  Discussion

First, USC contends that Cross-Defendant's removal was procedurally defective because MAC did not consent to and join the removal action properly. The failure of all defendants to properly join in removal constitutes a procedural defect. *Parino v. FHP, Inc*. 146 F. 3d 699 (9th Cir. 1998). At the time HUB removed the case, MAC did not join in the removal. On August 28, 2017, MAC filed a Notice of Consent to the Notice of Removal. *See* Declaration of Ryan Gille re: Magnetic Automation Company's Consent to Federal Jurisdiction. USC alleges this strategy is an end-run around the 30-day removal deadline and the matter should be remanded for procedural defect. *Mot*. 4:8-21.

The Ninth Circuit has held that where removal is defective due to improper joinder of a defendant, the defect can be cured if that defendant later consents to the removal. *Id.* at 703 ("Because [defendant's] initial failure to join in the notice of removal was cured when [it] later joined in the notice, remand on procedural grounds would have been an empty formality."). As

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-04847 PSG - AFM | Date | September 8, 2017 |
|---|---|---|---|
| Title | Kokoris v. University of Southern California, et al | | |

MAC properly consented to joining in the removal notice, remand on the basis of procedural defect would be an "empty formality."

USC next argues that the Court lacks subject matter jurisdiction. In general, federal subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. Here, Cross-Defendants invoke diversity jurisdiction. Diversity jurisdiction exists when a suit is between citizens of different states and the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction requires that the parties be in complete diversity, meaning that every plaintiff has a different citizenship from every defendant, and that the amount in controversy exceeds $75,000. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

For purposes of diversity of citizenship, an individual is a citizen of the state in which she is domiciled, which is defined as the place where the person resides with the intent to remain or the place to which she intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen both of the state in which it was incorporated and of the state in which it has its principal place of business. *See* 28. U.S.C. §1332(c).

USC correctly notes that there is no federal question at issue (nor are Cross-Defendants claiming there is). *Mot.* 4:26. It argues instead that "[t]he diversity of Cross-defendant HUB, a Delaware corporation with an agent for service of process, employees, and substantial ties in and to the State of California is not sufficient as the sole basis for removal in this instance." *Mot.* 5:3-5. USC does not contend that HUB has its principal place of business in California, which would defeat diversity because USC is incorporated in California. Rather, it simply lists the types of contacts HUB has with California. That is not enough to establish that California is HUB's principal place of business, nor does USC allege that it is.

The plain language of 28 U.S.C. Section 1332(a) vests district courts with jurisdiction over civil actions between citizens of different states with an amount in controversy in excess of $75,000. Here, there is complete diversity between the parties. USC is incorporated in California, and Cross-Defendant HUB, as stated, is incorporated in Delaware. There is no argument or evidence that its principle place of business is California. MAC is incorporated in and has its principal place of business in Florida. *See* Dkt. 1-1. There is no dispute regarding the amount in controversy, which Plaintiff Kokoris states is "over $75,000," an amount for which USC seeks indemnification. *See* Dkt 1-2. Diversity jurisdiction appears to be proper.

Finally, USC contends that this Court should abstain from deciding the issues in the case and remand the action for consideration by the state court. "Abstention from the exercise of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-04847 PSG - AFM | Date | September 8, 2017 |
|---|---|---|---|
| Title | Kokoris v. University of Southern California, et al | | |

federal jurisdiction is considered 'an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Am. Int'l Underwriters (Phillipines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). USC argues that abstention is proper because permitting removal would result in inequitable severing of the Cross-Complaint from Plaintiff's personal injury action in state court. *Mot.* 5:6-9. USC alleges that its Cross-Complaint is derivative and dependent upon Plaintiff Kokoris's personal injury Complaint, and allowing this case to proceed in federal court would result in "two different verdicts from two different triers of fact, one in state court and one in federal court, from the same set of facts." *Mot.* 5:22-24. USC goes on to argue that "[i]t is procedurally impossible, and simply not practical for the parties and both court's [sic] resources to split the case like this," because the Cross-Complaint is dependent upon the evidence and allegations in the Complaint. *Mot*. 5:26-6:3.

While it is true that USC will not need to seek indemnification from MAC and HUB if Plaintiff Kokoris does not prevail against USC in the underlying state case (such an outcome would moot the instant case), USC's statement that it is "impossible" to try the two cases separately is incorrect. The personal injury case against USC was brought under a negligence theory alleging that USC's employees failed to act with reasonable care. *See HUB Answer 2*. USC's suit against MAC and HUB alleges strict product liability. *Id*. Not only are MAC and HUB not parties to the state case, but the evidence necessary to determine whether MAC and HUB's product was defective and whether that contributed to or caused Plaintiff's injuries (and thus whether and to what extent MAC and HUB should contribute to any judgment against USC) are not identical. This case does not represent an "extraordinary and narrow" exception to the Court's duty to adjudicate a live controversy before it. A stay pending the outcome of the state case may be appropriate, however, and the parties are free to seek one.

Cross-Defendant has established that federal subject matter jurisdiction is proper pursuant to diversity jurisdiction as there is complete diversity between the parties and the amount in controversy exceeds $75,000, and none of USC's arguments against removal are persuasive. Accordingly, USC's motion to remand is DENIED.

IV.     Conclusion

For the foregoing reasons, the Court DENIES USC's motion to remand the action to state court.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-04847 PSG - AFM | Date | September 8, 2017 |
|---|---|---|---|
| Title | Kokoris v. University of Southern California, et al | | |